UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA M. LABRIER, individually, and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

No. 2:15-cv-04093-NKL

**ORDER**

The primary issue in this case is whether Defendant State Farm Fire and Casualty Company properly depreciated labor when it made actual cash value payments for property damage. Subsequent to the Court's Order denying State Farm's motion to dismiss and holding that labor could not be depreciated, [Doc. 67], State Farm decided to stop subtracting labor depreciation for certain property damage claims that were paid after the Court's order. State Farm also started to retroactively pay previously withheld labor deprecation, and to communicate with its insureds about the nature of those payments. To date, those retroactive payments have been limited to actual cash value claims resolved after the Court's interpretation of State Farm's policy.[1]

In response, Plaintiff Amanda LaBrier has asked the Court to order State Farm to stop making retroactive payments and to instead set aside the money for such payments until class certification and the merits of the dispute are resolved. *See* [Doc. 88 and Doc. 91.] LaBrier

---

[1] State Farm explained that it took time to set up a system to make payments consistent with the Court's interpretation of the disputed policy language. As a result, some payments after the Court's order still depreciated labor.

argues that it would be inequitable for putative class members to be paid for essentially the same claims which LaBrier has asserted on their behalf, without sharing in the expense of pursuing State Farm in court. LaBrier argues that her requested remedy is mandated by the common fund doctrine or the equitable principles underlying the common fund doctrine. LaBrier also argues that the Court should supervise State Farm's communications with State Farm's insureds.

**I.    Common fund issues**

Taking into account that Missouri law controls, the Court finds that the common fund doctrine does not directly apply here because LaBrier has not shown that a common fund exists at this time. The Court did not finally resolve the merits of the dispute and therefore there is no specific fund that has been created by court order or otherwise. *Lett v. City of St. Louis,* 24 S.W.3d 157, 162 (Mo. Ct. App. 2000) (The doctrine applies "when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf.") However, the principles underpinning the common fund doctrine are based on equity. "[T]he common benefit doctrine permits recovery of attorney's fees when a successful litigant benefits a group of other individuals similarly situated." *Id.* Considering these equitable principles as well as efficiency, the Court concludes that a temporary cessation of State Farm's retroactive payments is warranted, pending the resolution of the merits and any issues related to class certification.

As to the equities, State Farm has acknowledged that it changed its labor depreciation practices in response to the Court's order interpreting LaBrier's insurance contract with State Farm. But for the work of the LaBrier, there is no evidence these changes would have occurred. Further, while no class has been certified, the class was identified at the time the lawsuit was filed and includes the putative class members who have been given retroactive labor depreciation payments by State Farm. Thus, this case is distinguishable from the Missouri cases where

indirect beneficiaries of litigation not specifically referenced in a lawsuit were not required to contribute to the cost of a plaintiff's work.

Furthermore, permitting a defendant to pay putative class members after the defendant loses on a motion to dismiss has the effect of discouraging class actions. Class actions were designed to permit aggregate actions to prevent small amounts of money from being taken unlawfully without some consequence. Obviously, a plaintiff would be less likely to incur the substantial costs of a class action if "voluntary" payments by a defendant would effectively prevent a plaintiff from recovering a fair share of the cost of the litigation from putative class members. Further, if that possibility existed, a judge might defer ruling on a motion to dismiss to avoid any procedural posturing and the potential inequities outlined above. Such a decision would not promote efficiency but would promote fairness.

The Court does recognize that State Farm has a legitimate concern as well. State Farm fears being subject to vexatious refusal to pay claims if it does not change its labor depreciation practices, now that the Court has interpreted the disputed language in State Farm's insurance policy. But the concerns of both LaBrier and State Farm can be addressed by putting the disputed refunds in escrow with interest, pending final resolution of the merits and the resolution of any class certification issue. This will protect both parties while the litigation process is completed.[2]

Therefore, the Court prohibits State Farm from making additional retroactive labor

---

[2] The Court is aware that a federal court in Iowa came to a different conclusion. *Bublitz v. E.I. DuPont de Nemours and Co.,* 224 F. Supp. 1234 (S.D. Iowa 2002) (prior to class certification in this ERISA proceeding, defendant offered stock options totaling $113 million in value to putative class members in exchange for releases; the common fund doctrine did not apply because the payments were voluntary and made outside the purview of judicial review, approval, or compulsion). The Court respectfully disagrees with the decision. Further, the dispute between LaBrier and State Farm is governed by Missouri law and therefore out-of-state cases are less persuasive.

depreciation payments to putative class members until otherwise ordered. The Court's order does not prohibit State Farm from placing the funds in escrow for the benefit of class members, pending the final resolution of disputed issues.

## II.     State Farm's communications with its insureds

LaBrier also objected to State Farm's contact with its insureds concerning the retroactive payments, arguing that the communications should have been subject to the Court's supervision. LaBrier suggests that future notices be jointly prepared and approved in advance by the Special Master. [Doc. 91-1, p. 4.]

Generally, in a class action, "a district court may not order restraints on speech under [Rule] 23(d) except when justified by actual or threatened misconduct of a serious nature." *Great Rivers Co-Op. of Se. Iowa v. Farmland Indus., Inc.,* 59 F.3d 764, 766 (8th Cir. 1995). "Before entry of such an order, there must be a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* (citing *Gulf Oil v. Bernard,* 452 U.S. 89, 101 (1981)). *See also* Manual for Complex Litigation (Fourth) § 21.12 ("Defendants and their counsel generally may communicate with potential class members in the ordinary course of business, including discussing settlement before certification, but may not give false, misleading, or intimidating information, conceal material information, or attempt to influence the decision about whether to request exclusion from a class certified under Rule 23(b)(3). Ethics rules restricting communications with individuals represented by counsel may apply to restrict a defendant's communications contract with the named plaintiffs.")

At this stage of the litigation, and in the absence of any evidence of misconduct such as discouraging participation in a class action, the Court cannot conclude that supervision of or restriction on State Farm's communications is warranted.

## III. Conclusion

Plaintiff Amanda LaBrier's request that Defendant State Farm set aside retroactive payments to State Farm's insureds is granted, as discussed above. Plaintiff's request for Court supervision of communications between State Farm and its insureds is denied based on the current record.

                                                /s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: April 19, 2016
Jefferson City, Missouri