UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA LABRIER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 15-04093-NKL |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

**STATE FARM FIRE AND CASUALTY COMPANY'S SUGGESTIONS IN SUPPORT
OF ITS EMERGENCY MOTION FOR IMMEDIATE STAY OF PROCEEDINGS
<u>RELATED TO PLAINTIFF'S SECOND INTERROGATORIES</u>**

## Table of Contents

Page

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 3

      A.      State Farm Will Suffer Irreparable Harm Absent a Stay. ...................................... 4

      B.      Plaintiff Will Not Be Prejudiced By a Stay. .......................................................... 7

      C.      State Farm Has Identified Serious Legal Issues *and* Is Likely to Succeed. ............ 8

      D.      The Public Interest Supports a Stay of Proceedings. ........................................... 10

CONCLUSION ................................................................................................................ 11

## Table of Authorities

Page

**CASES**

*Brady v. Nat'l Football League*,
　640 F.3d 785 (8th Cir. 2011) ................................................................................................ 3

*Brown v. Wal-Mart Stores, Inc.*,
　No. 5:09-CV-03339-EJD, 2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ......................... 4, 5, 7

*C.B.S. Empl. Fed. Credit Union v. Donaldson, Lufkin & Jenrette*,
　716 F. Supp. 307 (W.D. Tenn. 1989) ................................................................................... 4

*Dalton v. Walgreen Co.*,
　No. 4:13 CV 603 RWS, 2013 WL 2367837 (E.D. Mo. May 29, 2013) ............................. 3, 8

*Gray v. Golden Gate Nat. Recreational Area*,
　No. C 08-00722 EDL, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ............................... 4, 6

*Hilton v. Braunskill*,
　481 U.S. 770 (1987) .............................................................................................................. 3

*IBEW Local 98 Pension Fund v. Best Buy Co.*,
　No. CIV. 11-429 DWF/FLN, 2014 WL 4540228 (D. Minn. Sept. 11, 2014) ...................... 4, 8

*Johnson v. Geico Cas. Co.*,
　269 F.R.D. 406 (D. Del. 2010) ......................................................................................... 4, 5, 6

*Mayo v. UBS Real Estate Sec., Inc.*,
　No. 08–00568–CV–W–DGK, 2011 WL 3109786 (W.D. Mo. July 26, 2011) ...................... 10

*Nieberding v. Barrette Outdoor Living, Inc.*,
　No. 12-2353-DDC-TJJ, 2014 WL 5817323 (D. Kan. Nov. 10, 2014) ............................... 4, 6

*Packard Elevator v. I.C.C.*,
　782 F.2d 112 (8th Cir. 1986) ............................................................................................... 9

*Pena v. Taylor Farms Pac., Inc.*,
　No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157 (E.D. Cal. Aug. 31, 2015) ................. 4, 5, 7

*Perrin v. Papa Johns Int'l, Inc.*,
　No. 4:09CV01335 AGF, 2014 WL 306250 (E.D. Mo. Jan. 28, 2014) .......................... 3, 9, 10

*Sweeney v. Bond*,
　519 F. Supp. 124 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982) ..................... 9, 10, 11

**OTHER AUTHORITIES**

Developments in the Law, *Injunctions*,
　78 Harv. L. Rev. 994 (1965) .............................................................................................. 3

**RULES**

8th Cir. R. App. P. 21A ................................................................................................... 2, 8
Fed. R. App. P. 21 ............................................................................................................. 8
Fed. R. Civ. P. 23 ..................................................................................................... passim
Fed. R. Civ. P. 26 ................................................................................................... 2, 9, 10

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits these Suggestions in support of its Emergency Motion to Stay Proceedings Related to Plaintiff's Second Interrogatories Pending Resolution of Its Petition for Writ of Mandamus (Dkt. 235). State Farm submits that the circumstances here warrant an immediate stay. However, if the Court allows briefing from Plaintiff, State Farm requests that she be directed to file any opposition by July 27, 2016, with State Farm's reply (if any) due the following day.

## INTRODUCTION

State Farm has been ordered to answer detailed interrogatories for each of the approximately 145,000 persons in Plaintiff's putative class, and to do so within 90 days. *See* Dkt. Nos. 176, 190 (the "Orders"). Uncontroverted testimony shows that it will cost State Farm nearly $10 million to comply with the Orders. *See* Dkt. 215-1, Ex. H at ¶¶ 4-5, 10-16. No class has been certified here, and State Farm has argued that the challenged discovery would not be proper even if one had. State Farm accordingly has filed a petition with the Eighth Circuit asking it to issue a writ of mandamus and reverse the Orders (the "Petition," redacted copy attached as Exhibit 1).

For several reasons, the proceedings in this case related to Plaintiff's Second Interrogatories – including without limitation the 90-day period within which State Farm must attempt to fully answer the interrogatories, State Farm's obligation to serve partial, sworn responses to the interrogatories every two weeks, and any discovery or depositions of State Farm personnel related to the interrogatories – should be stayed pending resolution of State Farm's Petition. **First**, State Farm will suffer irreparable harm if no stay is granted. As set forth below, it will be incurring unrecoverable discovery costs of approximately $150,000 *per day* in its effort to comply with the Orders. **Second**, a stay will not prejudice Plaintiff. Though certain proceedings in this case would pause, the pause would be only temporary. The Eighth Circuit, by rule, "must" either dismiss the Petition or direct Plaintiff to answer it "[w]ithin 14 days." 8th Cir. R. 21A.

**Third**, State Farm's Petition raises serious questions (some of first impression) regarding the interpretation and application of Rules 23 and 26 of the Federal Rules of Civil Procedure, and State Farm contends that it has demonstrated a likelihood of success on the merits. **Fourth**, the public interest favors granting a stay. It would conserve judicial resources, as Plaintiff has stated her intent to file (and, indeed, has already filed) motions attacking the sufficiency of the responsive information State Farm has produced to date. Further, a stay would be in the public interest, as it would allow hundreds of State Farm claims personnel presently working to prepare State Farm's response to the Second Interrogatories to return to serving the needs of State Farm insureds.

State Farm has made prior attempts to accelerate resolution of the issues presented in its Petition, but those have been unsuccessful. State Farm filed an emergency motion seeking expedited briefing on its objection to Special Master Order No. 8 or, in the alternative, an order delaying the start of the 90-day period within which State Farm must attempt to answer Plaintiff's Second Interrogatories "until the day this Court resolve State Farm's objection." Dkt. 196-97; Dkt. 197 at 3. Briefing on that motion was completed – and thus, the motion was ripe for decision – on the morning of June 9, 2016 (*see* Dkt. 201), one day before the start of the 90-day period. Dkt. 190 at 6. The Court did not rule on State Farm's motion. After 29 days had passed and the Parties had, as a result, completed briefing on State Farm's objection, the Court noted that State Farm's motion was "moot" due to the passage of time. Dkt. 217. State Farm also requested an expedited ruling on its objection to Special Master Order No. 8. Dkt. 215 at 1, 10. That objection was fully briefed on July 1, 2016. *Id.* The Court has not yet issued a ruling.[1]

---

[1] State Farm also moved for a protective order under Rule 26(c) allocating the costs of this burdensome discovery to Plaintiff, but that motion was denied. Dkt. 223. State Farm objected to that ruling by the applicable deadline of July 21, 2016, *see* Dkt. Nos. 229-31, but briefing on that objection will not be completed until the middle of August at the earliest under normal briefing deadlines.

In light of these factors and the additional reasons discussed herein, State Farm requests that the Court stay all proceedings in this case related to the Second Interrogatories pending the Eighth Circuit's resolution of State Farm's Petition.

## ARGUMENT

Courts consider four factors in ruling on motions to stay proceedings pending appellate review: (1) whether the movant will be irreparably injured absent a stay; (2) whether a stay will substantially injure the non-moving party; (3) whether the movant has shown it is likely to succeed on the merits of the appeal; and (4) where the public interest lies. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335 AGF, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014) (same factors applied on motion to stay filed before district court); *Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013) (same).

No single factor governs this analysis. Rather, courts must "balance" the relative strengths of each factor against the others. *Brady*, 640 F.3d at 789. Thus, for example, "[c]lear evidence of irreparable injury should result in a less stringent requirement of certainty of victory." *Id.* (quoting Developments in the Law, *Injunctions*, 78 HARV. L. REV. 994, 1056 (1965)). In this case, all four factors weigh in favor of a stay of proceedings related to the Second Interrogatories pending the Eighth Circuit's review of State Farm's Petition, with the factor of irreparable harm to State Farm and the absence of injury to Plaintiff weighing most heavily in favor of a stay.[2]

---

[2] The relevant factual and procedure background for this motion is set forth in State Farm's Objection to and Motion to Vacate Special Master Order No. 8. *See* Dkt. 210 at 1-10. State Farm hereby incorporates that discussion by reference into the present motion.

### A. State Farm Will Suffer Irreparable Harm Absent a Stay.

Costs incurred in litigation amount to irreparable harm when they are substantial and unrecoverable. This issue frequently arises – and justifies a stay pending appellate review – in analogous Rule 23(f) appeals by defendants following an adverse class certification decision. *See, e.g., Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015); *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014); *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *3 (D. Minn. Sept. 11, 2014); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012); *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011); *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 413 (D. Del. 2010).[3]

In *Nieberding*, for example, the district court stayed all proceedings pending the outcome of the defendants' Rule 23(f) appeal after concluding that the defendants "would be irreparably harmed absent a stay." 2014 WL 5817323, at *4. It found that, despite the plaintiff's agreement to stay class notice (thereby eliminating a portion of required costs), the defendants would still need to proceed with "discovery as to the identities of potential class members" and, as a result, would risk "incurring substantial costs that may end up being duplicative, unrecoverable, and wasteful" if the class certification ruling were reversed. *Id.* (rejecting plaintiffs' argument that

---

[3] The irreparable nature of litigation costs is not limited to decisions on Rule 23(f) appeals, let alone to class actions. *See, e.g., C.B.S. Empl. Fed. Credit Union v. Donaldson, Lufkin & Jenrette*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989) (finding irreparable harm sufficient to warrant a stay because the "main purpose for defendants' appeal is to avoid the expense of litigation" through arbitration, and if "defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless").

discovery should proceed because defendants allegedly relied on deficiencies in their own "record-keeping" to argue that class members could not be ascertained).

Similarly, in *Johnson*, 269 F.R.D. at 413, the district court ordered a stay of "potentially unnecessary discovery on class membership" pending the results of a Rule 23(f) appeal because the defendant demonstrated that such discovery "would take over a year and cost in excess of one million dollars," a cost the court deemed "appreciable." *See also Brown*, 2012 WL 5818300, at *4 (staying proceedings because the "sheer size" of plaintiffs' 22,000-person class meant that defendant would "incur significant discovery and other litigation expenses while its [Rule 23(f)] appeal . . . is pending," all of which would be irrelevant if the certification decision were reversed); *Pena*, 2015 WL 5103157, at *5 (staying proceedings due to the potential for irreparable harm because "class evidence" was "voluminous and complex, and may require expert testimony").

The potential for irreparable harm to State Farm absent a stay in this case is far more serious and significant than the threats of harm that justified a stay in the above cases. Indeed, whereas potential litigation costs of "one million dollars" satisfied the irreparable harm showing in *Johnson*, State Farm has demonstrated that it will incur costs *10 times larger* if it is forced to continue answering Plaintiff's Second Interrogatories while its Petition is pending. *See* Dkt. 215-1 at ¶¶ 14-16. These are not just "potential" costs, either. State Farm's massive file review to comply with the discovery order is already well under way. State Farm claims personnel are working full time in an effort to identify the information Plaintiff seeks through her interrogatories – rather than serving the needs of insureds making claims for property damage. *See* Declaration of L. O'Toole dated July 25, 2016, attached as Exhibit 2, at ¶¶ 2-4.

In fact, it appears that State Farm to date has *underestimated* the total cost of the File Review. In particular, the pace of the file review has proceeded more slowly than hoped due to

-5-
Case 2:15-cv-04093-NKL   Document 236   Filed 07/25/16   Page 9 of 17

the complexity of the review process. *See id.* at ¶¶ 2-3. While State Farm has performed at least an initial review of more than 30,000 claims, at the current pace of the review, State Farm will not be able to complete the review by the date ordered by the special master using its current resources. *See id.* at ¶¶ 2-4. And because State Farm does not have sufficient additional internal resources to increase staffing the review with State Farm personnel without further adversely impacting service to its customers, State Farm is undertaking to retain 125 external claims adjusters and add them to the complement of reviewers already at work. *Id.* These additional external personnel are scheduled to come onboard on Thursday, July 28, 2016, first for training and then to commence work on the project. State Farm will incur additional expense for the diversion of equipment and facility resources these workers will require and, of course, for their wages. *Id.* State Farm estimates that the total cost to State Farm for the claim file review will increase by at least $2.9 million with the addition of the external workers, and that the resultant total cost for the file review will exceed $12.7 million. *Id.* These costs will continue uninterrupted absent a stay. *Id.*

That State Farm must incur these costs in order even to *identify* putative class members, and before any order on class certification, makes a stay even more appropriate here. If Plaintiff's motion for class certification ultimately is denied, State Farm will have incurred more than $12 million in unnecessary, unrecoverable discovery costs. *Nieberding*, 2014 WL 5817323, at *4; *Johnson*, 269 F.R.D. at 413. Yet even if the case *is* certified, State Farm's right to appeal that decision "would be meaningless" because it will have already incurred all of the expenses to identify putative class members – costs that frequently justify a stay pending the results of a Rule 23(f) appeal. *Gray*, 2011 WL 6934433, at *3.[4]

---

[4] For this reason and others, class certification is inappropriate here. *See* Dkt. 159 at 9-11, 19-24.

-6-
Case 2:15-cv-04093-NKL    Document 236    Filed 07/25/16    Page 10 of 17

The size of Plaintiff's putative class, at approximately 145,000 members, also supports a stay of proceedings. In particular, it is more than six times larger than the 22,000-person class in *Brown* – the "sheer size" of which made it easy for the court to find that litigation costs incurred while the Rule 23(f) appeal was pending could result in irreparable harm. 2012 WL 5818300, at *4. Moreover, as in *Pena*, 2015 WL 5103157, at *5, the class evidence in this case is "voluminous and complex." The reports State Farm will be generating for its responses as to the nearly 145,000 putative class members will comprise tens of thousands of pages of Excel spreadsheets. *See* Dkt. 210, Exs. 1-21. And, although Plaintiff has failed as yet to identify any trial or class certification experts despite the passage of deadlines to do so, she has sought an extension in the scheduling order to enable her to designate and to rely on expert testimony to interpret and "audit" the evidence generated from the file review. *See* Dkt. 198 at 2-3.

In sum, absent a stay, State Farm necessarily will incur *extraordinary* and *unprecedented* discovery costs. Up to now, under State Farm's estimates, State Farm has been incurring on average a cost of more than $100,000 each day for the 90-day review period.[5] But given the additional staffing now required, as discussed above, the daily cost to State Farm for the file review at present will easily exceed $150,000 per day. Ex. 2 at ¶ 4.

On these facts, State Farm has demonstrated that it will suffer irreparable harm absent a stay related to the Second interrogatories.

### B. Plaintiff Will Not Be Prejudiced By a Stay.

The risk of irreparable harm to State Farm stands in stark contrast to the lack of harm to Plaintiff from a stay. The case will move forward in all respects except as related to the Second Interrogatories. At most, therefore, Plaintiff's "day in court" will be minimally delayed.

---

[5] *See* Dkt. 215-1, Ex. H at ¶ 16 ($9.8 million / 90 days = $108,888.88).

Rule 21A of the Eighth Circuit Rules of Appellate Procedure, and its counterpart in the Federal Rules of Appellate Procedure, together ensure that appellate review for petitions for writs of mandamus – like State Farm's Petition – will be handled in expedited fashion. Local Rule 21A provides that "[w]ithin 14 days after the filing of the petition, or as the court orders, the court must either dismiss the petition or direct that an answer be filed." 8th Cir. R. 21A. In other words, in just two weeks, either (a) the stay would be lifted or (b) the parties and this Court would know that the Eighth Circuit deems the Orders worthy of full appellate review. Federal Rule 21, in turn, requires the Eighth Circuit to "give[] preference" to the Petition "over ordinary civil cases." Fed. R. App. Proc. 21(b)(6). Thus, assuming the Eighth Circuit accepts the Petition for full review, it will be dealt with more quickly than – and indeed, *before* – other pending civil appeals.

Plaintiff cannot reasonably complain that she will suffer any significant harm through such an expedited process. *See Dalton*, 2013 WL 2367837, at *3 (granting defendant's motion for stay and noting as support that "Plaintiffs would not be harmed by a lengthy delay because of the expedited appellate process"). Because "there is no reason to think that the Eighth Circuit will not resolve [the] petition in a timely manner," any minor delay to Plaintiff's "day in court" does not weigh against a partial stay of proceedings. *IBEW Local 98*, 2014 WL 4540228, at *3.

### C. State Farm Has Identified Serious Legal Issues *and* Is Likely to Succeed.

The "likelihood of success" factor presents an inherent conflict for district courts on motions like State Farm's motion here. In particular, the district court must consider whether the movant is likely to prevail on an appeal of the court's *own decision*: "Clearly, any trial judge is reluctant to find that a substantial likelihood exists that he or she will be reversed." *Sweeney v.*

*Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982).[6]  For this reason, courts shy away from strictly analyzing whether the movant is likely to succeed on the merits of the appeal, and instead ask whether the appeal presents "serious legal questions."  *Id.* (noting that several circuits "have adopted the approach that an injunction pending appeal is appropriate where serious legal questions are presented and the balance of hardships tips sharply toward the moving party").  In *Sweeney*, for example, the district court granted a stay after concluding that the appeal "present[s] substantial and novel questions which are fair ground for litigation," even though the court did "not doubt the correctness of its own findings."  *Id.* at 132-33; *see also Perrin*, 2014 WL 306250, at *2 (granting stay even though court could not "say that Defendants will 'likely' succeed on the merits"; but noting that the issue on appeal "was difficult and close and the Court recognizes that, as with any appeal, the Eighth Circuit may disagree with this Court's conclusions").

Here, State Farm has demonstrated both that its Petition presents serious legal issues, including matters of first impression, *and* that it is likely to succeed on the merits of those issues.  As explained in more detail in its Petition, State Farm has identified two "important legal questions of first impression":

> (1) whether extensive, individualized discovery on the merits regarding claims and defenses as to each of the 145,000 absent members of a putative class is permissible under Federal Rule of Civil Procedure 23 and due process, and
>
> (2) how to interpret and apply the six-month-old, case-specific proportionality requirement of Rule 26(b) when it intersects with the class certification requirements of Rule 23.

Ex. 1 at 1.  The second issue in particular is a matter of first impression in *all* of the federal appellate circuits.  *See id.* at 26-27.

---

[6] This factor, like each of the other three factors, comes from the test for preliminary injunctive relief.  *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986).

State Farm respectfully submits that the Court abused its discretion in ordering State Farm to answer Plaintiff's Second Interrogatories. State Farm demonstrated through uncontroverted testimony that answering the interrogatories will require a massive, individualized file review, at a cost of more than $10 million. *See* Dkt. 215-1, Ex. H at ¶ 16; Ex. 2 at ¶¶ 2-4. State Farm submits that these facts alone show that this case should not proceed as a class action, yet the Court has relied on the filing of this case as a putative class action as purported support for the Orders. *See* Dkt. 176 at 6-7; Dkt. 190 at 4. Because the Orders require State Farm to respond to extraordinarily burdensome individualized discovery that subverts the goals of Rules 23 and 26, *see* Ex. 1 at 12-26, State Farm has shown that it is likely to prevail on the merits.

Even if this Court disagrees with State Farm, however, the issues raised in State Farm's Petition are undeniably complex. They present "substantial and novel questions which are fair ground for litigation." *Sweeney*, 519 F. Supp. at 132-33. Thus, it is not implausible to suggest that the Eighth Circuit "may disagree" with this Court. *Perrin*, 2014 WL 306250, at *2. The "likelihood of success" factor therefore also weighs in favor of a stay pending appellate review.[7]

### D. The Public Interest Supports a Stay of Proceedings.

The public interest factor weighs in favor of a stay when the stay will conserve judicial resources, *see id.* at *3, or allow the continuation of services to the public that might otherwise be disrupted, *see Sweeney*, 519 F. Supp. at 133 (finding that "the public interest would be served by the issuance of an injunction" preserving the status quo because "the public would be provided with the services of the [plaintiffs] without disruption"). Both elements are present here.

---

[7] The procedural posture of this case is in many respects similar to that in a Rule 23(f) appeal, where district courts analyzing the "likelihood of success" factor frequently ask whether the ruling "raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle." *Perrin*, 2014 WL 306250, at *2 (quoting *Mayo v. UBS Real Estate Sec., Inc.*, No. 08–00568–CV–W–DGK, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011)).

First, a stay of the proceedings related to the Second Interrogatories pending resolution of State Farm's Petition will prevent the unnecessary expenditure of judicial resources. That further proceedings are imminent is made clear by the fact that Plaintiff has stated her intention to file at least two additional motions in respect to State Farm's initial partial responses and disputes certain of State Farm's calculations. *See* Transcript from July 12, 2016 call with Special Master, attached hereto as Exhibit 3, at 38:16-24, 44:15-45:10. She has already filed one such motion. She also intends to depose at least some of the workers assisting with the review, *see id.* at 38:25-39:5, and she has disclosed her intention to "audit" State Farm's responses and to seek leave to retain an expert (past the deadline set to make expert disclosures) to opine about them, *see* Dkt. 198 at ¶¶ 5-7. These activities necessarily will involve the Special Master or the Court (likely both), but if the Eighth Circuit grants the relief sought in State Farm's Petition, these matters will be mooted.

Second, the issuance of a stay will allow the few hundred State Farm claims personnel to stop working full time preparing answers to Plaintiff's Second interrogatories, and return to working for the benefit of State Farm insureds who have sustained property losses. The public will benefit from this reassignment, as it will help State Farm better allocate resources to service its customers. *See Sweeney*, 519 F. Supp. at 133 (finding a stay to be in the public interest because of the services plaintiffs could continue to provide to the public).

For these reasons, the public interest – like the irreparable harm to State Farm from not granting a stay, the *lack* of harm to Plaintiff from granting a stay, and the likelihood that State Farm will prevail on the merits – also weighs in favor a stay of proceedings in this case related to the Second Interrogatories pending resolution of State Farm's Petition.

## CONCLUSION

For the reasons set forth herein, State Farm respectfully requests that the Court enter an order staying all proceedings in this case related to the Plaintiff's Second Interrogatories pending

the Eighth Circuit's resolution of State Farm's Petition.  Furthermore, State Farm requests that such order enter immediately given the substantial, daily costs it is incurring in an effort to comply with the Orders or, if the Court is inclined to accept briefing from Plaintiff, that she be ordered to submit any opposing suggestions by July 27, 2016, with State Farm to file any reply suggestions by July 28, 2016.

Dated: July 25, 2016

Respectfully submitted,

By: /s/ *Heidi Dalenberg*

Joseph A. Cancila, Jr. (IL 6193252)
Heidi Dalenberg (IL 6021041)
Ryan P. Poscablo (NY 4086351)
Jacob L. Kahn (IL 6296867)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel. (312) 471-8700
Fax. (312) 471-8701
Admitted *pro hac vice*
jcancila@rshc-law.com
hdalenberg@rshc-law.com
rposcablo@rshc-law.com
jkahn@rshc-law.com

*and*

Daniel E. Wilke (24464)
Wilke & Wilke PC
2708 Olive Street
St. Louis MO 63103
Tel. 314-371-0800
Fax 314-371-0900
dwilke@wilkewilke.net

*Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, I caused the foregoing document to be filed via the Court's CM/ECF system, which will cause an electronic copy of the same to be served on all counsel of record by email.

By: /s/ *Jacob L. Kahn*
Jacob L. Kahn