UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA LABRIER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 15-04093-NKL |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**STATE FARM FIRE AND CASUALTY COMPANY'S SUGGESTIONS IN SUPPORT OF ITS EMERGENCY MOTION FOR IMMEDIATE STAY OF ALL PROCEEDINGS PENDING RESOLUTION OF ITS RULE 23(f) PETITION FOR APPELLATE REVIEW**

# Table of Contents

                                                                                                                              Page

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 3

I.       Plaintiff's Individual Claim ................................................................................ 3

II.      The Second Interrogatories and State Farm's File Review ............................... 3

III.     The Court's Class Certification Ruling............................................................. 4

IV.    State Farm's Rule 23(f) Petition ........................................................................ 5

V.     Motions Currently Pending Before This Court and the Special Master ............ 5

ARGUMENT ..................................................................................................................... 6

        A.      State Farm Will Suffer Irreparable Harm Absent a Stay. ...................... 7

        B.      Plaintiff and Absent Class Members Will Not Be Prejudiced By a Stay. ............ 10

        C.      State Farm Has Identified Serious Legal Issues and Is Likely to Succeed........... 10

        D.      The Public Interest Supports a Stay of Proceedings. ........................... 12

CONCLUSION................................................................................................................ 15

## Table of Authorities

Page

**CASES**

*Brady v. Nat'l Football League*,
  640 F.3d 785 (8th Cir. 2011) ........................................................................................... 7

*Brown v. Wal-Mart Stores, Inc.*,
  No. 5:09-CV-03339-EJD, 2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ................................ 9

*Dalton v. Walgreen Co.*,
  No. 4:13 CV 603 RWS, 2013 WL 2367837 (E.D. Mo. May 29, 2013) .................................... 7

*Gray v. Golden Gate Nat'l Recreational Area*,
  No. C 08-00722 EDL, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ................................. 8, 9

*Halvorson v. Auto-Owners Ins. Co.*,
  718 F.3d 773 (8th Cir. 2013) ......................................................................................... 11

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ....................................................................................................... 7

*IBEW Local 98 Pension Fund v. Best Buy Co.*,
  No. CIV. 11-429 DWF/FLN, 2014 WL 4540228 (D. Minn. Sept. 11, 2014) ...................... 7, 10

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
  286 F.R.D. 88 (D.D.C. 2012) ..................................................................................... 12, 14

*Indigo LR LLC v. Advanced Ins. Brokerage of Am. Inc.*,
  717 F.3d 630 (8th Cir. 2013) ......................................................................................... 11

*Iowa Utilities Bd. v. F.C.C.*,
  109 F.3d 418 (8th Cir. 1996) .................................................................................. 2, 7, 11

*Nieberding v. Barrette Outdoor Living, Inc.*,
  No. 12-2353-DDC-TJJ, 2014 WL 5817323 (D. Kan. Nov. 10, 2014) ...................................... 8

*Packard Elevator v. I.C.C.*,
  782 F.2d 112 (8th Cir. 1986) ......................................................................................... 10

*Pena v. Taylor Farms Pacific, Inc.*,
  No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157 (E.D. Cal. Aug. 31, 2015) ......................... 9

*Perrin v. Papa Johns Int'l, Inc.*,
  No. 4:09CV01335 AGF, 2014 WL 306250 (E.D. Mo. Jan. 28, 2014) ........................... 7, 11, 12

*Sweeney v. Bond*,
  519 F. Supp. 124 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982) ...................... passim

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................................... 12

**OTHER AUTHORITIES**

Developments in the Law, *Injunctions*,
    78 Harv. L. Rev. 994 (1965) ................................................................................................ 7

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................... passim

Fed. R. Civ. P. 23, Advisory Committee's Note to 1998 Amendment .......................................... 7

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits these Suggestions in support of its Emergency Motion to Stay all Proceedings Pending Resolution of Its Rule 23(f) Petition for Appellate Review (Dkt. 256). State Farm seeks this relief on an emergency basis in an effort to obtain expedited relief from the substantial discovery costs (more than $150,000 per day) it is incurring, as well as to prevent unnecessary burden attendant to the ongoing motion practice, anticipated expert and other discovery, and potential class notice in this action. State Farm asks that a stay be entered while its petition is pending, and through any appeal that is allowed.

## INTRODUCTION

State Farm acknowledges that this Court previously denied State Farm's request for a stay of proceedings pending resolution of its petition for writ of mandamus related to Plaintiffs' Second Set of Interrogatories (the "Second Interrogatories"). *See* Dkt. 242. However, State Farm submits that the need for a stay now is heightened as a result of the Court's order granting class certification. State Farm has filed a Petition for Permission to Appeal Pursuant to Rule 23(f) (the "Petition," attached as Exhibit 1 hereto) in respect to that ruling. All factors pertinent to issuance of a stay weigh in favor of a stay.

Certainly State Farm can show irreparable harm absent a stay. While its Petition is under consideration, State Farm will continue to incur the cost of the massive file review it has been ordered to undertake to answer the Second Interrogatories and to complete by September 8, 2016. If the certification order is reversed on appeal, absent a stay, State Farm will have spent nearly $13 million in discovery costs for a case worth just $2,000 (the approximate amount of Plaintiff's individual damages claim).[1] State Farm has shown that it is incurring costs of more than $150,000

---

[1] It remains State Farm's position that the individualized discovery required by the Second Interrogatories would not be proper even in a certified class action, but there can be no dispute that

1

per day in its effort to derive the information sought by the Second Interrogatories. These costs are "certain," "great," and "imminen[t]" – the very definition of irreparable harm in the Eighth Circuit. *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996).

Moreover, a stay would avoid the service of any class notice here in a case where there is the potential for a near-term reversal of the Court's class certification ruling if the Eighth Circuit were to accept the Rule 23(f) appeal. A stay is thus prudent both to avoid the significant costs associated with individual notice to such a large class, and to avoid customer confusion and impact on State Farm's customer relationships in the event the certification ruling is reversed based on the Rule 23(f) Petition.

The other key factors from *Iowa Utilities* also weigh in favor of a stay here. **First**, balanced against the irreparable harm State Farm will suffer absent a stay is the lack of any real harm to Plaintiff or absent class members from a stay. Though a stay might delay their day in court, there is no reason to believe the Eighth Circuit would not act quickly to resolve State Farm's Petition. **Second**, State Farm's Petition raises serious legal questions regarding the validity of the Court's decision on class certification, thereby satisfying the likelihood of success factor as well. *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982). Though the Court may not agree with those arguments, they are undeniably complex and are "fair ground for litigation" – considerations that support a stay pending resolution of State Farm's Petition. *Id.* at 133. **Finally**, a stay here would further the public interest by (i) allowing hundreds of State Farm claims personnel presently working to prepare State Farm's response to the Second Interrogatories to return to serving the needs of State Farm insureds; (ii) conserving judicial resources; and

---

this discovery would be wholly improper in a single-plaintiff case. Moreover, the total costs of this discovery to State Farm will only increase as a result of the Court's recent expansion of Plaintiff's class.

(iii) avoiding the confusion that could arise from class notice in the event the certification ruling is reversed.  With respect to judicial resources, multiple motions are currently pending before both the Court and the Special Master, and the deadline for filing dispositive motions (including *Daubert* motions) is less than a month away.  *See* Dkt. 81 at 3.  In fact, there are no matters remaining in this case that are *not* implicated by the Court's class certification ruling.

Under these circumstances, and for the additional reasons discussed herein, State Farm respectfully requests that the Court enter an order staying all proceedings in this case pending the Eighth Circuit's resolution of State Farm's Petition.

## BACKGROUND

### I. Plaintiff's Individual Claim

Plaintiff Amanda LaBrier is a State Farm policyholder who submitted a claim under her homeowners insurance policy after her roof was damaged in a hail storm. Dkt. 1-6 at ¶ 6-8.  State Farm issued an actual cash value ("ACV") payment to her pursuant to her policy for the estimated value of the roof prior to the loss, calculating that value by applying depreciation to the estimated cost of both materials and labor to repair the roof.  *See id*. at ¶¶ 10-14.  The total amount of depreciation was $2,009.79.  *Id.* at ¶ 13.  Several years later, Plaintiff sued for breach of contract on behalf of herself and a putative class, claiming that State Farm's method of calculating ACV by depreciating the estimated costs of labor and materials, rather than just materials, breached her policy.  *Id.* at ¶¶ 15-18.

### II. The Second Interrogatories and State Farm's File Review

On March 14, 2016, Plaintiff served her Second Interrogatories on State Farm.  *See* Dkt. 210-22.  The Second Interrogatories demand that State Farm provide, among other things, the amounts and dates of labor depreciation applied to the claims of each of the approximately 145,000 absent class members, and identify any and all defenses (and the basis for those defenses) it is

3

Case 2:15-cv-04093-NKL   Document 257   Filed 08/08/16   Page 7 of 20

asserting as to those class members. *See id.* On April 6, 2016, the Special Master granted Plaintiff's motion to compel responses to the Second Interrogatories. Dkt. 117. Two days later, Plaintiff moved for class certification – largely on the basis of the Special Master's ruling, and her anticipation that any individualized inquiries raised by her asserted class claims would be obviated by the order requiring State Farm to determine who belonged in her class, whether those individuals were injured, and the extent of any damages owed to each. *See* Dkt. Nos. 123, 133.

While Plaintiff's class certification motion was pending, and even as State Farm was timely exercising its rights to object to the Special Master's and the Court's orders regarding the Second Interrogatories, *see* Dkt. Nos. 117, 125, 176 & 190, State Farm diligently instituted extraordinary measures to begin supplementing its original answers to the Second Interrogatories. It reassigned approximately 270 State Farm internal claim employees to the claim file review project, and recently increased the number of reviewers (adding 125 external claims adjusters) in an effort to complete the review by the September 8, 2016, deadline set by the Special Master. *See* Dkt. 215-1; Declaration of Lisa O'Toole dated July 25, 2016, attached as Exhibit 2 hereto; Dkt. 190 at 6 (establishing the deadline). The costs associated with the review are ongoing and exceed $150,000 per day. *See* Ex. 2 at ¶ 4. State Farm has conservatively estimated the total costs for the project at $12.7 million, *id.*, though that cost is likely to increase as a result of the Court's expansion of Plaintiff's class definition in its class certification ruling.[2]

### III. The Court's Class Certification Ruling

On July 25, 2016, the Court granted Plaintiff's motion for class certification. Dkt. 238. The Court's order expanded the scope of Plaintiff's class beyond the bounds of the definition she

---

[2] State Farm is filing a separate motion before the Special Master to extend the deadline beyond September 8, 2016 for it to fully answer to the Second Interrogatories as to all members of the expanded class certified by the Court's ruling.

had alleged in her complaint. *Id.* at 7, 17-19. Whereas Plaintiff originally sought to represent State Farm insureds who had received an ACV payment in which the cost of labor was depreciated, Dkt. 1-6 at ¶ 26, the Court certified a class of State Farm insureds who submitted a claim for structural damage and who received a reduced ACV payment, or whose loss fell below the insured's deductible, through the depreciation of estimated labor costs, Dkt. 238 at 7, 17-19.

## IV. State Farm's Rule 23(f) Petition

The Court's class certification ruling started the two-week clock for State Farm to file a Rule 23(f) petition for leave to appeal. Fed. R. Civ. P. 23(f). State Farm timely filed its Petition with the Eighth Circuit today, August 8, 2016. *See* Ex. 1.

In its Petition, State Farm argues that full appellate review of the Court's certification order is warranted for three principal reasons:

1. The Court's order rests on erroneous and unprecedented legal rulings, including that (a) a class can be certified even though certain class members have suffered no injury and therefore lack standing, and (b) the predominance and superiority requirements of Rule 23 can be met through mini-trials for 145,000 class members and by requiring State Farm to answer highly individualized interrogatories for those class members (at a cost of more than $10 million);

2. Substantially similar legal issues implicated by the Court's order will arise in the near future in numerous cases, including the many putative class actions pending in the Eighth Circuit alone asserting claims against insurers based on allegedly improper treatment of labor depreciation; and

3. The Court's order, combined with the rulings related to the Second Interrogatories, appears improperly designed to force a settlement of this case.

*See id.* at 1-3.

## V. Motions Currently Pending Before This Court and the Special Master

This case continues to require significant judicial resources. In addition to the present Motion, there are currently three substantive motions pending before this Court. *See* Dkt. Nos. 194, 229 & 232. Moreover, the Court has suggested that State Farm may renew a motion it recently

filed, but which was denied without prejudice. *See* Dkt. 255 (denying State Farm's motion at Dkt. 246 without prejudice). These motions represent only a snippet of filings still to come in this case. For example, under the present scheduling order, all dispositive motions (including *Daubert* motions) are due to be filed in this Court by September 6, 2016, which is less than a month from today. *See* Dkt. 81 at 3. And the parties will shortly begin another round of expert discovery, which may result in further briefing. *See* Dkt. 255 (setting new expert disclosure deadlines starting on September 9, 2016). This compressed schedule will require substantial judicial resources in the near future.

The Special Master's docket for this case is similarly crowded. In particular, there are currently four motions pending before the Special Master.[3] Depending on the rulings issued on those motions, one or both parties may file objections in this Court pursuant to the procedures outlined in the order appointing the Special Master, thereby requiring further involvement by this Court. *See* Dkt. 98 at 2.

The burdens and costs associated with the parties' submissions of notice plans and the implementation of those plans is likewise on the short horizon.

State Farm's request for a stay of proceedings pending the Eighth Circuit's resolution of its Petition will put all of these matters on hold and preserve the status quo.

## ARGUMENT

Courts consider four factors in ruling on motions to stay proceedings pending appellate review: (1) whether the movant will be irreparably injured absent a stay; (2) whether a stay will substantially injure the non-moving party; (3) whether the movant has shown it is likely to succeed

---

[3] These include two untimely discovery motions filed by Plaintiff related to the Second Interrogatories well after the July 11, 2016 deadline set by this Court, as well as a late 30(b)(6) deposition notice Plaintiff served. *See* Dkt. 81 at 2.

on the merits of the appeal; and (4) where the public interest lies. *Iowa Utilities*, 109 F.3d at 423; *accord Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335 AGF, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014) (same factors applied on motion to stay filed before district court related to Rule 23(f) appeal); *Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013) (same).

No single factor governs this analysis. Rather, courts must "balanc[e]" the relative strengths of each factor against the others. *Brady*, 640 F.3d at 789. Thus, for example, "[c]lear evidence of irreparable injury should result in a less stringent requirement of certainty of victory." *Id.* (quoting Developments in the Law, *Injunctions*, 78 HARV. L. REV. 994, 1056 (1965)). In this case, all four factors weigh in favor of a stay of all proceedings pending the Eighth Circuit's resolution of State Farm's Petition, with the factor of irreparable harm to State Farm and the absence of injury to Plaintiff weighing most heavily in favor of a stay.

### A.  State Farm Will Suffer Irreparable Harm Absent a Stay.

Courts routinely find irreparable harm—and grant stays—to avoid ongoing discovery costs pending a Rule 23(f) appeal. *See, e.g., IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *3 (D. Minn. Sept. 11, 2014). Rule 23(f) was specifically intended to provide a "low cost" method of seeking appellate review before "incur[ring] the costs of defending a class action." Fed. R. Civ. P. 23, advisory committee's note to 1998 amendment. The costs of class-wide discovery, as already evidenced here, can be enormous. Stays of discovery pending Rule 23(f) appeals are therefore warranted because, "if defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless." *Gray v. Golden Gate Nat'l Recreational*

*Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (quotation marks and alteration omitted).

In *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014), for example, the district court stayed all proceedings pending the outcome of the defendants' Rule 23(f) appeal after concluding that the defendants "would be irreparably harmed absent a stay." It found that, despite the plaintiff's agreement to stay class notice (thereby eliminating a portion of required costs), the defendants would still need to proceed with "discovery as to the identities of potential class members" and, as a result, would risk "incurring substantial costs that may end up being duplicative, unrecoverable, and wasteful" if the class certification ruling were reversed. *Id.* (rejecting plaintiffs' argument that discovery should proceed because defendants allegedly relied on deficiencies in their own "record-keeping" to argue that class members could not be ascertained). Similarly, in *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 413 (D. Del. 2010), the district court ordered a stay of "potentially unnecessary discovery on class membership" pending the results of a Rule 23(f) petition because the defendant demonstrated that such discovery "would take over a year and cost in excess of one million dollars," a cost the court deemed "appreciable."

The same reasoning supports a finding of irreparable harm here. As in the above cases, State Farm also seeks to appeal a class certification ruling under Rule 23(f), and requests a stay to avoid incurring substantial costs to complete discovery that would be rendered moot (and which State Farm has challenged as improper in the first place) if the Court's class certification ruling is reversed. In particular, State Farm is spending in excess of $150,000 per day to answer the Second Interrogatories as to 145,000 absent class members – but its answers will be irrelevant if the class certification order is reversed. Under that scenario, and absent a stay, State Farm will have

8

incurred a total cost of nearly $13 million to conduct class-wide discovery for a single-plaintiff case involving damages of approximately $2,000. *See* Dkt. 1-6 at ¶ 13. Its right to seek appellate review pursuant to Rule 23(f) will have been rendered "meaningless." *Gray*, 2011 WL 6934433, at *3.

The amount of the costs at issue here, and the fact that State Farm *is already incurring* them, together make State Farm's request for a stay far more compelling than the stay requests granted in the above cases. Indeed, whereas *potential* litigation costs of "one million dollars" satisfied the irreparable harm showing in *Johnson*, State Farm has demonstrated that it *will* incur costs *10 times larger* if it is forced to continue answering Plaintiff's Second Interrogatories while its Petition is pending. *See* Dkt. 215-1 at ¶¶ 14-16.

The size of Plaintiff's class, at approximately 144,900 potential members, also supports State Farm's demonstration of irreparable harm. *See* Dkt. 215-1 at 5. Specifically, it is more than six times larger than the 22,000-person class in *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012)—the "sheer size" of which made it easy for the court to find that litigation costs incurred while the defendant's Rule 23(f) petition was pending could result in irreparable harm. Moreover, as in *Pena v. Taylor Farms Pacific, Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015), the class evidence here is "voluminous and complex." The reports State Farm will be generating for its responses as to the nearly 144,900-person class will comprise tens of thousands of pages of Excel spreadsheets. And the Court has now granted Plaintiff's request to designate an expert to offer opinions regarding State Farm's responses to the Second Interrogatories, *see* Dkt. 255, testimony Plaintiff insisted she needed in order to interpret and "audit" the evidence generated from State Farm's file review, *see* Dkt. 198 at 2-3.

9

In sum, absent a stay, State Farm necessarily will incur extraordinary and unprecedented discovery costs. These facts plainly show "irreparable harm."

### B. Plaintiff and Absent Class Members Will Not Be Prejudiced By a Stay.

The irreparable harm State Farm will suffer absent a stay stands in stark contrast to the *lack* of harm to Plaintiff or absent class members from a stay. This factor rarely weighs against a stay in a case – like this one – where the plaintiff seeks monetary damages. Though a stay might delay Plaintiff's day in court, that is usually the case for the party opposing a stay. And as courts within this Circuit have recognized in granting stays pending Rule 23(f) appeals, "[t]here is no reason to think that the Eighth Circuit will not resolve [the] petition in a timely manner." *IBEW Local 98*, 2014 WL 4540228, at *3. Moreover, Plaintiff would also be saved expense, including for discovery and motion practice that will be unnecessary in the event that the district court's ruling is reversed.

### C. State Farm Has Identified Serious Legal Issues and Is Likely to Succeed.

The "likelihood of success" factor presents an inherent conflict for district courts on motions like State Farm's motion here. In particular, the district court must consider whether the movant is likely to prevail on an appeal of the court's *own decision*: "Clearly, any trial judge is reluctant to find that a substantial likelihood exists that he or she will be reversed." *Sweeney*, 519 F. Supp. at 132.[4] For this reason, courts shy away from strictly analyzing whether the movant is likely to succeed on the merits of the appeal, and instead ask whether the appeal presents "serious legal questions." *Sweeney*, 519 F. Supp. at 132. (noting that several circuits "have adopted the approach that an injunction pending appeal is appropriate where serious legal questions are

---

[4] This factor, like each of the other three factors, comes from the test for preliminary injunctive relief. *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986).

presented and the balance of hardships tips sharply toward the moving party"). In *Sweeney*, for example, the district court granted a stay after concluding that the appeal "present[s] substantial and novel questions which are fair ground for litigation," even though the court did "not doubt the correctness of its own findings." *Id.* at 132-33; *see also Perrin*, 2014 WL 306250, at *2 (granting stay even though court could not "say that Defendants will 'likely' succeed on the merits," but noting that the issue on appeal "was difficult and close and the Court recognizes that, as with any appeal, the Eighth Circuit may disagree with this Court's conclusions").[5]

Here, State Farm has demonstrated both that its Petition presents serious legal issues *and* that it is likely to succeed on the merits of those issues. For example, as explained in more detail in State Farm's Petition, the Court's order on class certification conflicts with settled law in the Eighth Circuit holding **both** that full payment to a class member defeats standing, *see* Ex. 1 at 8-9, 11 (discussing *Indigo LR LLC v. Advanced Ins. Brokerage of Am. Inc.*, 717 F.3d 630, 634 (8th Cir. 2013)), **and** that even if only "some" class members lack standing, class certification is nevertheless "improper," *see id.* at 11 (quoting *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779-80 (8th Cir. 2013)). State Farm showed that Plaintiff's proposed class necessarily includes some members who were not injured, even under Plaintiff's theory of liability. *Id.* at 7-8. The Court's decision to certify a class in spite of this showing was clearly erroneous. *Id.* at 13-14.

Similarly, State Farm explained in its Petition that the Court abused its discretion by ignoring the uncontroverted evidence showing that there is no plausible way to determine who belongs to Plaintiff's supposed class without time-intensive, costly individual fact-finding. *See id.* at 15-16. Moreover, to the extent the Court granted certification notwithstanding this showing on

---

[5] Even when courts do analyze strictly whether the movant is likely to succeed on the merits of its appeal, they do not require "an absolute certainty of success." *Iowa Utilities*, 109 F.3d at 423 (quotation marks omitted). Instead, a "strong argument" can suffice. *Id.*

11

the theory that State Farm's arguments all relate to its affirmative defenses, that too was reversible error. *Id.* at 16. In fact, the Supreme Court has expressly held that "a class cannot be certified on the premise that [a defendant] will not be entitled to litigate its . . . defenses to individual claims." *Id.* at 19 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011)). The Court's order contravenes this authority.

Even if this Court disagrees with State Farm on these and the other issues in its Petition, however, the issues raised in the Petition are undeniably complex. They present "substantial and novel questions which are fair ground for litigation." *Sweeney*, 519 F. Supp. at 133. Thus, it is not implausible to suggest that the Eighth Circuit "may disagree" with this Court. *Perrin*, 2014 WL 306250, at *2. The "likelihood of success" factor therefore also weighs in favor of a stay pending appellate review.

### D. The Public Interest Supports a Stay of Proceedings.

The public interest factor weighs in favor of a stay when the stay will conserve judicial resources, *see id.* at *3, allow the continuation of services to the public that might otherwise be disrupted, *see Sweeney*, 519 F. Supp. at 133 (finding that "the public interest would be served by the issuance of an injunction" preserving the status quo because "the public would be provided with the services of the [plaintiffs] without disruption"), or avoid the risk of "confusion among the public and the absent class members" in the event the certification order is reversed after class notice has been sent, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012). All three elements are present here.

**First**, a stay of the proceedings related to the Second Interrogatories pending resolution of State Farm's Petition will prevent the unnecessary expenditure of judicial resources. That further proceedings are imminent in this Court is evidenced by the fact that three substantive motions (all of them, complicated objections to orders by the Special Master that State Farm submits reflect an

abuse of discretion) are already pending before the Court. *See* Dkt. Nos. 194, 229 & 232. Moreover, the Court has suggested that it will entertain another substantive motion regarding State Farm's request for leave to take discovery of absent class members. *See* Dkt. 255 (denying State Farm's first such request *without prejudice*).[6] The impending deadlines in this case for dispositive motions and *Daubert* motions (due in less than 30 days, *see* Dkt. 81 at 3) and for Plaintiff's expert disclosures related to the Second Interrogatories (due in 32 days, *see* Dkt. 255) also indicate that significant judicial resources will be spent by this Court in the near future. In the event the Eighth Circuit reserves the Court's ruling on class certification, however, many of the already filed and forthcoming motions may be mooted. Absent a stay, therefore, there is a real risk that the Court will spend unnecessary judicial resources.

The same is true for the Special Master given that there are four motions currently pending before him. Moreover, if either party objects to his rulings on those motions, such filing will create further work for this Court. Here, too, there is real risk that, absent a stay, the Special Master may waste resources deciding motions that would be rendered moot if the Eighth Circuit reversed this Court's ruling on class certification.

**Second**, the issuance of a stay will allow the few hundred State Farm claims personnel to stop working full time preparing answers to Plaintiff's Second interrogatories, and return to serving State Farm customers. The public will benefit from this reassignment, as it will help State Farm better allocate resources to service its customers. *See Sweeney*, 519 F. Supp. at 133 (finding

---

[6] State Farm must seek this discovery as a direct result of the Court's ruling on class certification. In particular, the Court in its order acknowledged the need for "mini-trials" to litigate State Farm's affirmative defenses, *see* Dkt. 238 at 28, yet State Farm has shown that the documents necessary to litigate its defenses may be in its insureds' sole possession, *see* Dkt. 159 at 13-15, 17.

a stay to be in the public interest because of the services plaintiffs could continue to provide to the public).

**Third**, the issuance of a stay will avoid the potential harms associated with starting the class notice process while a Rule 23(f) petition is pending. If the Eighth Circuit were to reverse the Court's class certification ruling after granting State Farm's Petition, a second notice to the class would need to be sent (at still further expense), which could cause significant confusion among the public and absent class members – many of whom remain customers of State Farm. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. at 94. The risk of this confusion, including its potential impact on existing and prospective customers' relationship with State Farm, also weighs in favor of a stay. *See id.*

For these reasons, the public interest – like the irreparable harm to State Farm from not granting a stay, the *lack* of harm to Plaintiff and absent class members from granting a stay, and the likelihood that State Farm will prevail on the merits of its Petition – also weighs in favor a stay of proceedings in this case pending resolution of State Farm's Petition.

# CONCLUSION

For the reasons set forth herein, State Farm respectfully requests that the Court enter an order staying all proceedings in this case pending the Eighth Circuit's resolution of State Farm's Petition and any appellate review that is allowed.

Dated: August 8, 2016				Respectfully submitted,

By: /s/ *Heidi Dalenberg*

Joseph A. Cancila, Jr. (IL 6193252)
Heidi Dalenberg (IL 6021041)
Ryan P. Poscablo (NY 4086351)
Jacob L. Kahn (IL 6296867)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel. (312) 471-8700
Fax. (312) 471-8701
Admitted *pro hac vice*
jcancila@rshc-law.com
hdalenberg@rshc-law.com
rposcablo@rshc-law.com
jkahn@rshc-law.com

*and*

Daniel E. Wilke (24464)
Wilke & Wilke PC
2708 Olive Street
St. Louis MO 63103
Tel. 314-371-0800
Fax 314-371-0900
dwilke@wilkewilke.net

*Attorneys for Defendant State Farm*
*Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 8, 2016, I caused the foregoing document to be filed via the Court's CM/ECF system, which will cause an electronic copy of the same to be served on all counsel of record by email.

                By: /s/ *Jacob L. Kahn*
                      Jacob L. Kahn